UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.  Case No.: 1:23−mj−00031−SKL

ADIANA PIERRE

ORDER

    The Court finds that defendant, Adiana Pierre, does not have the funds to retain an attorney of defendant's choice and that defendant wants to be represented by counsel. As a condition of the appointment of counsel to represent defendant, the Court reserves the right to require the defendant to repay the government the reasonable value of the services rendered to defendant by the appointed counsel and any expenses in connection therewith. Accordingly, it is ORDERED the following counsel will be appointed to represent defendant:

Paul Bergmann, III
Paul Bergmann, III, Attorney at Law
633 Chestnut Street
Suite 1620
37450, Suite 1620
Chattanooga, TN 37450

423−756−3245

ENTER.

                                            s/Susan K Lee
                                            UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.   Case No.: 1:23−mj−00031−SKL

ADIANA PIERRE

### DUE PROCESS PROTECTIONS ACT ORDER

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

ENTER.

s/ Susan K Lee
UNITED STATES MAGISTRATE JUDGE

U.S. DISTRICT COURT for the EASTERN DISTRICT OF TENNESSEE at CHATTANOOGA

☑ Initial Appearance ☐ Complaint ☐ Preliminary Exam ☐ Motion Hearing
☐ Indictment ☐ SSI ☐ Information ☐ Detention Hearing ☑ Bond Hearing
☐ Petition for Probation/Supervised Release action ☐ Arraignment ☐ Arraignment on SSI

Case No. 1:23-mj-31   USA v. Adiana Pierre

**PRESENT:** Honorable Susan K. Lee   ☐ U.S. District Judge OR ☑ U.S. Magistrate Judge

James Brooks — Assistant U.S. Attorney
Paul Bergmann — Attorney for Defendant   ☐ Appt. ☐ Retd ☐ Ltd. App.
Jennifer LaFerry — Probation Officer

Courtney Camp — Courtroom Deputy
Court Reporter: ___
Interpreter(s): ___   ☐ SWORN

Digital Recording: Crtrm 1B ☐   OR Crtrm 4 ☑

**PROCEEDINGS:** ☑ DEFENDANT(S) SWORN   **DATES SET:**

☑ Financial affidavit(s) executed
☑ Court appointed attorney(s) under CJA
☐ Court may require deft(s) repay govt cost of atty(s)
☐ Defendant(s) waived appointment of attorney(s)
☑ Defendant(s) specifically advised of rights
☐ Deft advised of Rules 20, 5 FRCrP
☑ Deft executed waiver of Rule 5, 5.1 hearing
☐ Deft waived reading of indictment/information
☐ Indictment/Information read
☐ Deft pleads not guilty to counts _____
☐ Not guilty plea entered by Court on deft's behalf
☐ Deft. entered no plea

Detention hearing: ___
Preliminary exam: waived
Revocation hearing: ___
Arraignment: ___
OTHER: ___

Court ordered file   ☐ sealed OR ☐ unsealed

**TESTIMONY BY:** ___

**OTHER MATTERS:**

Rule 5 Out Initial Appearance held. Paul Bergmann will communicate with counsel in the charging district to arrange coordination of further proceedings.

I, Courtney Camp, Deputy Clerk, CERTIFY the official record of this proceeding is an audio file Chat 1-23-mj-31_20230125_135456

**BOND**
☐ Govt. motion for detention without bond: ☐ granted ☐ denied
☑ Court ordered deft released on bond (see order setting conditions of release)
Amount: $30,000   Type: O/R
Defendant ineligible for release on bond: ___

Deft ☑ remanded to custody of U.S. Marshal   ☐ remained in custody   ☐ remained on bond   ☐ released on bond

Time: 2:26-2:50 to 3:17-4:00   Date: 1/25/23

rev 3/09

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>ADIANA PIERRE<br><br>*Defendant* | )<br>)  Case No.  1:23-mj-031-SKL<br>)<br>)<br>)  Charging District's Case No.  23-mj-5013-JGD<br>) |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*    U.S.D.C. District of Mass.
Boston, Massachusetts                                                                                                                        .

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☑ a preliminary hearing.

☐ a detention hearing.

☑ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   01/25/2023

_____
*Defendant's signature*

Paul Bergmann
_____
*Signature of defendant's attorney*

Paul Bergmann, III, Appt Counsel
_____
*Printed name of defendant's attorney*

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America )
v. )
ADIANA PIERRE )   Case No.  1:23-mj-031-SKL
 )   Dist. Mass. Chrg. Dist. No. 1:23-mj-05013-JGD
 )
*Defendant* )

## APPEARANCE BOND

### Defendant's Agreement

I, _____ADIANA PIERRE_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )  to appear for court proceedings;
( X )  if convicted, to surrender to serve a sentence that the court may impose; or
( X )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1) This is a personal recognizance bond.

( X ) (2) This is an unsecured bond of $ __30,000.00__ .

(   ) (3) This is a secured bond of $ _____ , secured by:

   (   ) (a) $ _____ , in cash deposited with the court.

   (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

   If this bond is secured by real property, documents to protect the secured interest may be filed of record.

   (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

Page 2

AO 98 (Rev. 12/11) Appearance Bond

---

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 1/25/23

_____
Defendant's signature

_____  _____
Surety/property owner – printed name    Surety/property owner – signature and date

_____  _____
Surety/property owner – printed name    Surety/property owner – signature and date

_____  _____
Surety/property owner – printed name    Surety/property owner – signature and date

CLERK OF COURT

Date: 1/25/23

_____
Signature of Clerk or Deputy Clerk

Approved.

Date: 01/25/2023

_____
Judge's signature

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) Case No.  1:23-mj-031-SKL |
| v. | ) Dist. Mass. Chrg. Dist. No. 1:23-mj-05013-JGD |
|  | ) |
| ADIANA PIERRE | ) |

# ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)     The defendant must not violate federal, state or local law while on release.

(2)     The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 § U.S.C. 14135a.

(3)     The defendant must advise the court or the pretrial services office or the supervising officer in writing before making any change of residence or telephone number.

(4)     The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.  The defendant must next appear **as directed by the Probation Offices/Officers in the arresting and charging Districts with coordination by appointed counsel in the arresting and charging Districts with Magistrate Judge Judith Gail Dein, in USDC, District of Massachusetts, Boston.**

(5)     The defendant must sign an Appearance Bond, if ordered.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant shall be released on the condition that:

(X ) (6)    The defendant promises to appear in court as required and surrender to serve any sentence imposed.
(X) (6a)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of Thirty thousand dollars ($30,000.00) in the event of a failure to appear as required or surrender to serve any sentence imposed.

## Additional Conditions of Release

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:
Person or organization: _____
Address: _____
*(Only if above is an organization)*
City and State _____; Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____  _____
           *Custodian*        *Date*

(☒) (8) The defendant must:
- (☒) (a) report to United States Probation Officer <u>Kimberly Williams at 423-386-2754</u> after the defendant's release.
- (☒) (b) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: <u>$30,000 Unsecured bond</u>
- (☐) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____
- (☐) (d) execute a bail bond with solvent sureties in the amount of $_____.
- (☒) (e) maintain or actively seek employment, as approved by the probation officer
- (☐) (f) maintain or commence an education program.
- (☒) (g) surrender any passport to: the U.S. Probation Officer
- (☒) (h) not obtain a passport or other international travel document.
- (☐) (i) abide by the following restrictions on personal associations, place of abode, or travel: ____.
- (☒) (j) avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: <u>co-defendants and potential witnesses</u>
- (☐) (k) undergo psychiatric treatment as determined by the United States Probation Officer.
- (☐) (l) return to custody each (week) day at _____o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____.
- (☐) (m) maintain residence at a halfway house or community corrections center, as the supervising officers considers necessary.
- (☒) (n) refrain from possessing a firearm, destructive device, or other dangerous weapon.
- (☐) (o) refrain from (☐) ANY (☐) excessive use of alcohol.
- (☒) (p) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (☐) (q) submit to any method of testing required by the United States Probation Officer or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- (☐) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the United States Probation Officer.
- (☐) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs:

*SKL* *ARD*

- (☐) (i) **Curfew**. You are restricted to your residence every day (☐) from \_\_\_\_\_ to \_\_\_\_\_, or (☐) as directed by the pretrial services officer or supervising officer instructs; or
- (☐) (ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre- approved by the pretrial services officer or supervising officer; or
- (☐) (iii) **Home Incarceration**. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
- (☐) (t) submit to the location monitoring indicated below and abide by all the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
  - (☐) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
    - (☐) (I) Location monitoring technology as directed by the pretrial services office or supervising officer;
    - (☐) (II) Radio Frequency (RF) monitoring;
    - (☐) (III) Passive Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    - (☐) (IV) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    - (☐) (V) Voice Recognition Monitoring.
- (☒) (u) report as soon as possible to the United States Probation Officer if any contact with any law enforcement personnel including but not limited to any arrest, questioning, or traffic stop.
- (☐) (v) submit his/her person, residence, office, vehicle, or any area over which s/he exercises control to a search, conducted by a U.S. Probation Officer and/or law enforcement officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of pretrial release.
- (☐) (w) avoid unsupervised contact with minors under the age of eighteen (18) unless supervised by a parent or guardian.
- (☐) (x) have no Internet access by any device.
- (☒) (y) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the District Court.
- (☐) (z) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
- (☐) (aa) The defendant shall not prescribe any controlled substances.
- (☐) (bb) The defendant shall not practice any form of medicine. Employment in the medical field is prohibited.
- (☐) (cc) The defendant shall provide the probation officer with access to any requested financial information.
- (☐) (dd) The defendant shall not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer. In addition, the defendant shall not enter into any contractual agreements which obligate funds without the permission of the probation officer.
- (☒) (ee) The defendant shall not assist another person, or herself apply for, a government loan without prior approval of the Probation Officer.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Lookout Mountain, TN
*City and State*

## Directions to the United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the Clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: January 25, 2023

_____
*Judicial Officer's Signature*

Susan K. Lee, U.S. Magistrate Judge
*Printed name and Title*

DISTRIBUTION: COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

(☒)    (8)    The defendant must:

(☒)    (a) report to United States Probation Officer <u>Kimberly Williams at 423-386-2754</u> after the defendant's release.

(☒)    (b) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: <u>$30,000 Unsecured bond</u>

(☐)    (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____

(☐)    (d) execute a bail bond with solvent sureties in the amount of $_____.

(☒)    (e) maintain or actively seek employment, as approved by the probation officer

(☐)    (f) maintain or commence an education program.

(☒)    (g) surrender any passport to: the U.S. Probation Officer

(☒)    (h) not obtain a passport or other international travel document.

(☒)    (i) abide by the following restrictions on personal associations, place of abode, or travel: <u>The defendant shall remain in the Eastern District of Tennessee unless granted prior permission by the probation officer to travel.  She is allowed to travel to the District of Massachusetts for court proceedings and meetings with her attorney.</u>

(☒)    (j) avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: <u>co-defendants and potential witnesses</u>

(☐)    (k) undergo psychiatric treatment as determined by the United States Probation Officer.

(☐)    (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____.

(☐)    (m) maintain residence at a halfway house or community corrections center, as the supervising officers considers necessary.

(☒)    (n) refrain from possessing a firearm, destructive device, or other dangerous weapon.

(☒)    (o) refrain from (☐) ANY (☒) excessive use of alcohol.

(☒)    (p) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(☐)    (q) submit to any method of testing required by the United States Probation Officer or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

- (☒) (y) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the District Court.
- (☒) (z) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
- (☐) (aa) The defendant shall not prescribe any controlled substances.
- (☐) (bb) The defendant shall not practice any form of medicine. Employment in the medical field is prohibited.
- (☐) (cc) The defendant shall provide the probation officer with access to any requested financial information.
- (☐) (dd) The defendant shall not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer. In addition, the defendant shall not enter into any contractual agreements which obligate funds without the permission of the probation officer.
- (☒) (ee) The defendant shall not submit any type of loan application without prior approval of her probation officer.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) EDTN Arresting Dist No. 1:23-mj-031-SKL |
| v. | ) Dist. Mass. Chrg. Dist. No. 1:23-mj-05013-JGD |
| | ) |
| ADIANA PIERRE | ) |

O R D E R

The Court finds that defendant, ADIANA PIERRE, does not have the funds to retain an attorney of her choice and that defendant wants to be represented by counsel. Accordingly, it is

**ORDERED** the following counsel will be appointed to represent the defendant in this District:

> **Paul Bergmann , III**
> 633 Chestnut Street
> Suite 1620
> 37450, Suite 1620
> Chattanooga, TN 37450
> 423-756-3245
> Fax: 423-267-0126
> Email: pb3@epbfi.com

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

1 *As a condition of the appointment of counsel to represent the defendant, the Court reserves the right to require the defendant to repay the government the reasonable value of the services rendered the defendant by her appointed counsel and any expenses in connection therewith.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) EDTN Arresting Dist No. 1:23-mj-031-SKL |
| | ) |
| v. | ) Dist. of Mass. Chrg. Dist. No. 1:23-mj-05013-JGD |
| | ) |
| | ) |
| ADIANA PIERRE | ) |

MEMORANDUM AND ORDER

The Defendant appeared for a hearing before the undersigned on January 25, 2023, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure for an initial appearance of the Defendant on an arrest warrant and criminal complaint out of the U.S.D.C., District of Massachusetts, Boston, Massachusetts. Those present for the hearing included:

(1) AUSA James Brooks for the USA.
(2) The Defendant, ADIANA PIERRE.
(3) Attorney Paul Bergmann, III as appointed counsel for Defendant.

After being sworn in due form of law, the Defendant was informed or reminded of her privilege against self-incrimination accorded her under the 5th Amendment to the United States Constitution. Attorney Bergmann was present as court appointed counsel in the arresting district.

The Defendant had been provided with a copy of the arrest warrant and criminal complaint and attached affidavit and had the opportunity of reviewing those documents with her attorney. It was determined Defendant was capable of being able to read and understand the copy of the aforesaid documents she had been provided.

AUSA Brooks stated the government is not seeking the detention of Defendant who was released on an unsecured $30,000 Appearance Bond and other conditions of release. Defendant was advised of her rights pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The Defendant waived any preliminary hearing or identity hearing in this or the charging district.

It is **ORDERED**:

**(1) Defendant shall be released with conditions of release and shall appear as directed by the Probation Offices/Officers in the arresting and charging Districts with coordination by appointed counsel in the arresting and charging**

**Districts with Magistrate Judge Judith Gail Dein, in U.S.D.C., District of Massachusetts, Boston.**

SO ORDERED.

ENTER:

                                                  s/ *Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE